

**IT IS ORDERED as set forth below:**

**Date: April 1, 2022**

_____

**Paul Baisier**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | CASE NUMBER |
| **ANTOINETTE DENISE HEATH,** | **16-63126-PMB** |
| a/k/a Antoinette D. Davis, | |
| a/k/a Antoinette D. Lawton, | CHAPTER 13 |
| a/k/a Antoinette D. Swindal, | |
| Debtor. | |

**ORDER DENYING MOTION TO EXPUNGE**
**BANKRUPTCY CASE FROM PUBLIC RECORDS**

On February 22, 2022, Antionette Denise Heath, the debtor in this case ("Debtor"), filed

a *pro se* letter/motion (Docket No. 27)(the "Motion") seeking to expunge the above-captioned

Chapter 13 bankruptcy case (No. 16-63126-PMB)(the "Current Case") from public records.  For

the reasons set forth below, Debtor's Motion is denied.

## BACKGROUND

On February 11, 2016, Debtor, with bankruptcy counsel, filed a voluntary bankruptcy petition for relief under Chapter 13 of title 11, United States Code (the "Code")(Case No. 16-52615, Docket No. 1)(the "Prior Case"). Debtor's plan paymentswere delinquent throughout the Prior Case (*Id*. at Docket No. 25). As a result, the Court entered an order on July 25, 2016, dismissing the Prior Case for failure to make the required Chapter 13 plan payments (*Id*. at Docket No. 26).

Four days after the dismissal of the Prior Case, on July 29, 2016, Debtor filed the Current Case with new bankruptcy counsel (Docket No. 1). As evidenced by the record in the Current Case, Debtor did not attend the scheduled 341 meeting held on August 31, 2016; nor did Debtor attend the rescheduled 341 meeting held on September 6, 2016. Additionally, Debtor did not pay the entire filing fee. Consequently, the Court entered an order dismissing the Current Case due to Debtor's failure to pay the applicable filing fee in full as of September 20, 2016 (Docket No. 20). The Current Case was closed on October 16, 2016.

Five and a half years later, Debtor filed the Motion with the Court on February 22, 2022 (Docket No. 27). In the Motion, Debtor asks the Court to expunge the record of her Current Case, such that it will be removed from her credit report and avoid the adverse effects that Debtor asserts are associated with filing for bankruptcy protection.[1]

In support of the Motion, Debtor alleges that the requested relief, if granted, would facilitate Debtor's ability to obtain low-interest credit, provide the means to refinance at current interest rates, and permit Debtor to acquire affordable housing. Debtor further alleges that she has not yet received approval of a low-interest rate loan, credit, or even the ability to secure

---

[1] Debtor assumes that this will be the result of expunging the Current Case from the records. The Court expresses no opinion as to the accuracy of this assumption.

affordable housing because the Current Case appears on Debtor's credit report, which reflects her bankruptcy filings even though such cases were dismissed long before Debtor ever received a discharge or a plan was confirmed. Curiously, the Motion seeks to expunge only Debtor's Current Case. The Motion does not refer to the Prior Case nor request that it be expunged.

## DISCUSSION

As an initial matter, "[t]here is a strong presumption in favor of public access to bankruptcy proceedings" and "debtor's affairs are an open book." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 73 (Bankr. D. Del. 2006); *accord*, *In re Wyatt*, 368 B.R. 99, 101-02 (Bankr. D. N.H. 2007)("[a]s a matter of public policy, a bankruptcy court's dockets are open to the public"). This policy of open inspection is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised. *See, e.g., In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984). Further, the right of public access "is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system." *In re Gitto Glob. Corp.*, 422 F.3d 1, 7 (1st Cir. 2005). Section 107(a) of the Code codifies the public's right to access all papers filed in bankruptcy court proceedings and provides, with limited exceptions, that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a).[2]

Accordingly, "[w]hile relatively common in criminal courts, [expunging the record] of bankruptcy cases appears to be a rare event exercised with the greatest of prudence by

---

[2] *See also Gitto Glob. Corp.*, 422 F.3d at 14 (explaining that "protection of papers filed in a bankruptcy case will be the exception rather than the rule." (internal quotation marks omitted)); *In re Joyce*, 399 B.R. 382, 385 (Bankr. D. Del. 2009)(finding that the "filing for bankruptcy is a public act and, accordingly, all papers filed in bankruptcy cases and the dockets of bankruptcy courts are public documents subject to examination by members of the public").

bankruptcy judges" and is not otherwise available when a debtor determines post-petition that bankruptcy relief is no longer necessary. *In re Buppelmann*, 269 B.R. 341, 341 (Bankr. M.D. Pa. 2001). Rather, "the purpose of [expunging the record] is to protect the legal rights of [a] debtor, and the remedy is available only in certain extraordinary circumstances, such as when a debtor did not authorize the filing of a bankruptcy purportedly made on [debtor's] behalf. *In re T.H.*, 529 B.R. 112, 134–35 (Bankr. E.D. Va. 2015). In addition to its equitable powers under § 105(a) of the Code, a bankruptcy court has statutory authority to "protect a person [concerning] scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b)(1).

Most courts that have expunged a case generally draw upon §§ 105 and 107 of the Code; and typically involve a bankruptcy filing caused by either error or because of fraud. *See, e.g., In re Mangum*, 2012 WL 2153788, at *2-3 (Bankr. E.D.N.C. June 13, 2012)(ordering records of bankruptcy filed in debtor's name by non-debtor spouse and without debtor's knowledge or authority be expunged; and directing the credit reporting agencies to expunge case from their records); *In re Storay*, 364 B.R. 194, 196-97 (Bankr. D.S.C. 2006)(granting debtors' request that a case be expunged because debtors' attorney filed bankruptcy petition without debtor's express authorization); *see also Mann v. Mann (In re Mann)*, No. 17-60935, Adv. No. 18-5038, Docket No. 13 (Bankr. N.D. Ga. Dec. 6, 2018)(expunging cases where non-debtor spouse filed six (6) bankruptcy cases in debtor's name without alleged debtor's knowledge, authorization, or consent).

Conversely, courts that have considered whether a debtor's bankruptcy may be expunged have found that such a remedy was inappropriate where a debtor knowingly filed the petition. *See In re Khan*, 2013 WL 6645436, at *2 (B.A.P. 9th Cir. Dec. 17, 2013); *In re Duque*, 2016 WL

4239608, at *1 (Bankr. M.D. Fla. Aug. 8, 2016); *In re Frederick*, 2016 WL 597201, at *2 (Bankr. E.D.N.C. Feb. 12, 2016); *In re Scholz*, 2010 WL 1257826, at *1 (Bankr. D.D.C. Mar. 26, 2010). That is the case here—Debtor does not allege that the filing was unintentional or unauthorized. Instead, Debtor seeks to have the Current Case expunged to avoid the credit consequences of having voluntarily filed the Current Case, and she seeks that relief more than five (5) years after the Current Case was closed. These facts do not demand the extreme remedy of expunging Debtor's record of the Current Case. Like the instant, the *Fredrick* court denied a debtor's motion to expunge and stated:

> Lenders are entitled to inquire whether [debtor] ever filed a prior bankruptcy case if they fear that is a sign that [debtor] is a poor credit risk. Nothing in the [Code] suggests that the court should expunge a bankruptcy filing so that lenders are deprived of that information (*unless the filing was a fraudulent filing, one not authorized by* [*debtor*]). [Debtor] knowingly commenced this case, and, unfortunately, despite the court's sympathy for her plight, must suffer the consequence of a poor credit record arising from the filing.

2016 WL 597201, at *2 (emphasis added)(internal citations omitted). The facts make it clear— Debtor's Current Case may not be expunged, for Debtor decided to file and obtained the benefit of the automatic stay.

Finally, Debtor has not met her burden in showing that the Current Case should be expunged under §§ 107(b)(2) or (c)(1) of the Code. Under § 107(b)(2), a bankruptcy court may enter a sealing order to "protect a person with respect to scandalous or defamatory matter contained in a paper filed" in a bankruptcy case. In considering a motion to seal under §107(b)(2), "the bankruptcy court may properly consider context, such as the purpose for which information is sought, the magnitude of harm, the availability of proper access through other means, and the environment in which the material will be released." *In re Neal*, 461 F.3d 1048, 1052 (8th Cir. 2006). The movant must show more than injury to reputation to seal information

under § 107(b)(2). *Id.* at 1053; *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)("[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records").  "Material that is potentially untrue and that would cause a reasonable person to alter his opinion of an interested party triggers the protections of § 107(b)(2) if it is also irrelevant to the case in which it was filed or if it is included within a filing for improper ends." *Gitto Glob. Corp.*, 422 F.3d at 15.

Likewise, § 107(c)(1) of the Code authorizes the bankruptcy court to enter a seal order to protect personal information if such information "would create an undue risk of identity theft or unlawful injury to the individual or the individual's property." 11 U.S.C. 107(c)(1); Fed. R. Bankr. P. 9037 (setting forth filing requirements for personal information).

Here, Debtor's Motion seeks to expunge or otherwise remove the Current Case from her records because its existence adversely affects her credit.  Debtor has not made any showing that the alleged statements in the papers filed in the Current Case are untrue, potentially untrue, irrelevant, or made with an improper purpose.  The Motion does not allege that Debtor has been defamed or is at risk of identity theft.   Accordingly, and after carefully reviewing Debtor's Motion and the record, the Court finds that relief under § 107 is inappropriate on these facts.

## CONCLUSION AND ORDER

In sum, there is no basis for expunging the Current Case from the records because the Court does not believe that Debtor has met the burden in showing that the Current Case was filed fraudulently or contained scandalous or defamatory matters in the papers filed therein. Therefore, the Court finds Debtor's circumstances do not warrant the relief requested.

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that Debtor's Motion to Expunge the Current Case from Court's record is **DENIED**.

[**END OF DOCUMENT**]

## <u>DISTRIBUTION LIST</u>

**Antoinette Denise Heath**
6015 Farmwood Way, SE
Mableton, GA 30126


**Karen A. King**
215 Pryor St., SW
Atlanta, GA 30303


**Melissa J. Davey**
260 Peachtree St., NW
Suite 200
Atlanta, GA 30303


**Office of the United States Trustee**
Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Room 362
Atlanta, GA 30303